IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 04-803-1 |
| v. | : |
| | : |
| REGINALD BROWN | : |
| | : |

ORDER

AND NOW, this 20th day of August 2008, upon consideration of defendant Reginald Brown's *pro se* Motion for a Reduction of Sentence Pursuant to the Provisions of 18 U.S.C. § 3582(c)(2) (Doc. No. 68) and the Federal Community Defender Office's Sentencing Document (Doc. No. 69), the Court finds as follows:

1. On September 28, 2006, the Court imposed a sentence of 72 months' imprisonment in this case. The Court determined at the sentencing proceeding that the final offense level was 26, and the criminal history category was III, producing a guideline range of 78 to 97 months on the two drug counts.[1]

2. Effective November 1, 2007, the Sentencing Commission adopted Amendments 706 and 711, which amended Section 2D1.1 of the guidelines with regard to the offense levels applied to many cocaine base ("crack") offenses. On December 11, 2007, in Amendment 712, the Sentencing Commission decreed that Amendments 706 and 711 apply retroactively, effective March 3, 2008.

---

[1] Although the parties at the sentencing hearing agreed that the guideline range was 70 to 87 months, that range was erroneous for an offense level of 26 and criminal history category of III. It appears that Mr. Brown was sentenced based on an offense level of 25, which has a corresponding range of 70 to 87 months. The correct guideline range for an offense level of 26 and criminal history category of III is 78 to 97 months. For this reason, Mr. Brown is only eligible for a one level reduction with a revised range of 63 to 78 months.

3. The Court is advised that the parties agree that, upon retroactively applying the amendment to Section 2D1.1 in this case, the final offense level is 24, and the criminal history category remains III, producing a revised guideline range of 63 to 78 months. The Court is further advised that the parties agree that the defendant's sentence may accordingly be reduced to 63 months.

4. Section 1B1.10 of the Sentencing Guidelines requires that, in determining whether to reduce a sentence based on a retroactive amendment, the Court must consider any impact on public safety.  In this case, the government advises the Court that, apart from the information about the defendant's criminal conduct and history which was known and addressed at the initial sentencing proceeding in this case, the government is not aware of any other conduct since sentencing which suggests that the defendant poses a danger to any person or the community.

THEREFORE, it is ORDERED that the defendant's Motion (Doc. No. 68) is GRANTED and the term of imprisonment in this case is reduced to a total term of 63 months.

BY THE COURT:

S/ Legrome D. Davis, J.

Legrome D. Davis, J.