**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| | : | Case No.  04-cr-00803-JMY |
| v. | : | |
| | : | |
| **REGINALD BROWN**, | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                   **MAY 12, 2022**

This matter is before the Court on the motion of Defendant Reginald Brown's motion for compassionate release due to the coronavirus ("COVID-19") pandemic ("Mot.," ECF No. 92). Plaintiff United States of America (the "Government") opposes the Motion ("Opp.," ECF No. 94). For the reasons discussed below, Brown's Motion will be denied.

**I.        BACKGROUND**

Brown is currently serving a 24-month sentence for violating his supervised release. (Opp. at 1.) Brown was initially indicted in August 2004 following a search of his home by Pennsylvania Attorney General narcotics agents. (*Id*.)[1] Following a jury trial, Brown was found guilty of possession with intent to distribute more than 5 grams of cocaine base, 21 U.S.C. 841(a)(1), (b)(1)(B), and possession with intent to distribute cocaine, 21 U.S.C. 841(a)(1), (b)(1)(C). (*Id*.)

After serving his federal prison sentence, Brown then served a state sentence. (*Id*. at 3.) He then began his federal supervised release on August 31, 2010. (*Id*.) Thereafter, on April 18, 2011, Brown was arrested after engaging in drug dealing. (*Id*.) Brown was convicted, and subsequently sentenced to 102 - 205 months' imprisonment. (*Id*.)[2]

---

[1] At the time, Brown was under Pennsylvania State Parole supervision following a previous conviction for armed robbery. (*Id*. at 2.)
[2] Brown's sentence was later reduced. (*Id*.)

On March 13, 2013, Brown was sentenced to a 24-month custodial sentence for violation of his federal supervised release. (*Id*.; Mot. at 1.) The Court further ordered that this sentence was to run consecutive to any sentence that Brown was serving for the Commonwealth of Pennsylvania. (*Id*.) After serving his state sentence, Brown was paroled on his Pennsylvania state case to his federal detainer. (*Id*.; Mot. at 2.) On October 27, 2020, Brown was transferred to the Philadelphia Federal Detention Center and began serving his federal sentence. (Opp. at 3.) On October 28, 2020, Brown submitted to the warden a request for compassionate release. (Mot. at 3.)

Brown submitted the instant motion on January 5, 2021. (Mot. at 1.) Brown argues that his serious medical conditions constitute "extraordinary and compelling reasons" warranting a reduction in sentence. (*Id*. at 2.) He states his documented conditions (type 2 diabetes, hypertension, compromised lung, asthma, and high cholesterol) place him in grave danger should he contract COVID-19. (*Id*. at 2-3.) Further, he argues that the Bureau of Protections ("BOP") has proven it cannot adequately protect him from exposure to COVID-19 due to the high rate of transmission in the general population. (*Id*. at 4-8.) Brown states his release is consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a), and that he does not pose a danger to the community such that further incarceration is necessary. (*Id*. at 8-9.)

In response, the Government argues Brown's motion should be denied. The Government argues the mere existence of COVID alone does not provide a basis for a sentence reduction. (Opp. at 14.) Further, it argues the BOP has taken great measures to maintain safety and security of prisons, given the great risk posed by COVID. (*Id*. at 5-10 ("BOP has pledged to continue monitoring the pandemic and to adjust its practices as necessary to maintain the safety of prison staff and inmates while also fulfilling its mandate of incarcerating all persons sentenced or detained

based on judicial orders.").) While Brown is entitled to consideration based on his condition as a diabetic, he is not entitled to relief given that his condition is appropriately managed. (*Id*. at 16.) Lastly, the Government argues that Brown still presents a danger to the community. (*Id*. at 17.)

In a supplemental response filed on July 21, 2021, the Government informed the Court that Brown had been vaccinated against COVID-19. ("Supp.," ECF No. 98.) The Government argues by obtaining the Moderna vaccine, Brown has severely limited his chances of contracting severe COVID. (Supp. at 4 (citing *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) ("Now that COVID-19 vaccinations are being administered throughout the BOP, compassionate release motions generally lack merit.").) Since Brown is now vaccinated, the Government asserts his conditions do not present the type of rare circumstance warranting the relief he requests. (*Id*.)

## II.     DISCUSSION

Effective December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. Congress allows Courts to reduce a sentence through compassionate release if it determines: (1) the incarcerated movant meets administrative exhaustion requirements; (2) "extraordinary and compelling reasons" warrant a reduction; (3) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission," and (4) the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant a reduction. 18 U.S.C. § 3582. The applicable policy statements issued by the Sentencing Commission urges Courts to consider whether a petitioner would be a danger to the community if released. See U.S.S.G. § 1B1.13(2). A petitioner seeking compassionate release has the burden to prove extraordinary and compelling reasons exist. *See, e.g., United States v. Epstein*,

No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) (noting a defendant possesses the burden to establish extraordinary and compelling exist to justify compassionate release).

We determine Brown is not entitled to relief since he fails to establish that his conditions constitute "extraordinary and compelling reasons" for his release. "[A] prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *United States v. Tartaglione*, No. 15-491, 2020 WL 3969778, at *5 (E.D. Pa. July 14, 2020) (quoting *United States v. Somerville*, No. 12-225, 2020 WL 2781585, at *20 (W.D. Pa. May 29, 2020)). Our Court of Appeals tells us "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit." *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prison's] statutory role, and its extensive and professional efforts to curtail the virus's spread."). "'[G]eneralized COVID-19 fears and speculation' are insufficient to warrant release." *United States v. Phillips*, No. 09-718, 2020 WL 5076753, at *4 (E.D. Pa. Aug. 27, 2020) (quoting *United States v. Upshur*, No. 18-124-2, 2020 WL 3128026, at *2 (E.D. Pa. June 12, 2020)) (denying compassionate release where the petitioner failed to demonstrate "more than mere speculative risk of exposure"). Without more, Brown does not present the type of rare and extraordinary case that warrants a reduction in his sentence. We acknowledge that the CDC advises Brown is at an increased risk of developing severe illness from COVID-19 due several of his

conditions. However, Brown's inoculation against COVID-19 has substantially reduced this risk. Furthermore, as explained by the Government, the BOP has taken great measures to mitigate the risks of COVID-19 amongst the prison population. Though no effort to curb the spread of COVID-19 is perfect, the BOP has taken appropriate measures that severely limit the risk of infection. Thus, Brown fails to set forth the type of "extraordinary and compelling reasons" justifying his release.

Even assuming Brown presented "extraordinary and compelling reasons" for his release, we are required to consider whether Brown presents a "danger to the safety of any other person or to the community" before we reduce a carefully considered sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. As outlined by the Sentencing Commission, the factors that weigh danger to the community include "the nature and circumstances of the offense charged," "the history and characteristic of the person," including "the person's character, physical and mental condition, family ties . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." U.S.S.G. § 1B1.13; 18 U.S.C. § 3142(g). Here, we do not turn a blind eye to Brown's history of recidivism. Notably, Brown violated his supervised release in a drug case by committing another serious drug crime shortly after he was released from custody. Further, he has a demonstrated history of violating probation/parole. Brown's previous actions and history of criminal activity raises a question regarding his risk to the community. Regardless, Brown fails to establish the type rare and extraordinary reasons necessary for his early release and as a result, his motion will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant Reginald Brown's Motion is DENIED. An appropriate Order follows.

BY THE COURT:

/s/ John Milton Younge

**Judge John Milton Younge**